## Lutz v. Frey.

*E. M. Gilbert,* for plaintiff; *Harnish & Harnish,* for defendant.

LANDIS, P. J.—In this case counsel for defendant has filed a paper which is denominated "affidavit to the jurisdiction." I know of no act of assembly or practice of the courts which permits any such action on his part. I suppose he means to raise a question of law, such as is provided for by section 20 of the Practice Act of May 14, 1915, P. L. 483. The original act did not cover proceedings originating before aldermen or justices of the peace, but by the amendment to that act of April 14, 1921, P. L. 144, it was provided that, "in all actions of *assumpsit* and trespass, except actions for libel and slander, brought in any Court of Common Pleas, or in any other court or subordinate court, and appealed to said Court of Common Pleas, the procedure shall be as herein provided." Ordinarily, then the question could be raised under section 20 of the Act of 1915 by an affidavit of defense raising a question of law.

But a subsequent act—that of March 5, 1925, P. L. 23—especially provides for cases of this character. Section 1 enacts: "That wherever in any proceeding at law or in equity the question of jurisdiction over the defendant or of the cause of action for which suit is brought is raised in the court of first instance, it shall be preliminarily determined by the court upon the pleadings or with depositions, as the case may require, and the decision may be appealed to the Supreme Court or the Superior Court, as in cases of final judgments." Section 2 says that "all such preliminary questions shall be raised by petition setting forth the facts relied upon, whereupon a rule to show cause shall be granted and such preliminary question disposed of by the court. Such procedure shall be deemed *de bene esse* only and shall not operate as a general appearance."

We are obliged to strike the "affidavit to the jurisdiction" from the record, and this is accordingly done.

From George Ross Eshleman, Lancaster, Pa.